UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14200-Civ-GRAHAM
MAGISTRATE JUDGE P.A. WHITE

RAYMOND PERRY,                    :

    Petitioner,               :
                                                       REPORT OF
v.                                :   MAGISTRATE JUDGE

WALTER R. McNEIL,                 :

    Respondent.               :
_____

Raymond Perry, a state prisoner confined at Union Correctional Institution in Raiford, Florida, has filed his third pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254,[1] attacking his narcotics convictions entered after jury trial in Case No. 06-04408 in the Circuit Court of the Nineteenth Judicial Circuit of Florida at St. Lucie County.[2] The subject narcotics offenses were committed on September 14, 2006.[3]

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and

---

[1] Perry is a well-known litigant, he has filed over thirty-five pro se cases in this Court, which include civil rights actions pursuant to 42 U.S.C. §1983 and habeas corpus petitions pursuant to 28 U.S.C. §2254, challenging his various convictions.

[2] Perry filed two earlier habeas corpus petitions in this Court, challenging the subject conviction and sentence. See Perry v. McNeil, No. 08-21846-Civ-Cooke; Perry v. State of Florida, No. 06-Civ-14336-Graham. Case No.08-21846-Civ-Cooke still remains pending while Case No. 06-Civ-14336 was dismissed for failure to exhaust state court remedies by order entered on September 25, 2007.

[3] Perry currently has an unrelated habeas corpus proceeding pursuant to 28 U.S.C. §2254 pending in this Court, attacking convictions entered upon pleas of guilty in St. Lucie County Circuit Court Case No. 06-05756. See Perry v. McNeil, 08-14043-Civ-Moore. In that proceeding, the narcotics offenses were committed on November 16, 2006.

Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

Perry challenges the lawfulness of his convictions and sentences based upon trial court error during the trial proceeding, trial court error during postconviction proceedings, and ineffective assistance of appellate counsel. Specifically, Perry alleges that the trial court improperly (1) failed to conduct a competency hearing, (2) failed to conduct proceedings pursuant to <u>Faretta v. California</u>, 422 U.S. 806 (1975), and (3) permitted the state to offer him an illegal plea offer. He also raises eight grounds of ineffective assistance of appellate counsel, alleging that his lawyer failed to raise certain specified issues on direct appeal. Regarding the postconviction proceedings, he alleges that the trial court's failure to more promptly enter ruling on his pending motion for postconviction relief is unlawful.

Upon review of the petition for habeas corpus by a person in state custody and pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, it appears that Petitioner is not entitled to relief in this habeas corpus proceeding.[4] From the face of the petition, in

---

[4]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).  Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business.  The petition shall be examined promptly by the judge to whom it is assigned.  *If it plainly appears*

conjunction with review of the records in Perry's several prior habeas corpus proceedings filed in this Court, it is apparent that Petitioner has filed this petition to an attempt to circumvent the findings and recommendation made in Perry v. McNeil, Case No. 08-21846-Civ-Cooke. In that case, after protracted proceedings, the undersigned determined that any federal attack on the subject convictions and sentences was premature in that Perry has not properly exhausted all state court remedies. See Report of Magistrate Judge entered on June 8, 2009, in Case No. 08-21846-Civ-Cooke at DE# 54. Since it appears from the face of the petition that summary dismissal of this petition is warranted, an order to show cause has not been entered and the respondent has not been served with a copy of the petition.

The pertinent procedural history of this case is as follows.[5] Perry was arrested on or about September 14, 2006, in St. Lucie County, and charged by Information filed on October 16, 2006, with the sale of cocaine and possession of drug paraphernalia. He was convicted after jury trial of the crimes charged and, on February 13, 2007, he was sentenced to a term of imprisonment of thirty-

---

> *from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

RULES GOVERNING SECTION 2254 CASES, RULE 4 (emphasis added). A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." Kiser v. Johnson, 163 F.3d 326, 328 (5 Cir. 1999).

[5] The procedural history of this case has been gleaned from the state court records submitted in Perry v. McNeil, No. 08-21846-Civ-Cooke as well as the exhibits submitted by the respondent in Perry v. McNeil, 08-14043-Civ-Martinez at DE# 16. The Court takes judicial notice of its own records. See Fed.R.Evid. 201.

3

years as an habitual offender.[6] Perry prosecuted a direct appeal from his convictions, raising the sole claim that the trial court abused its discretion by proceeding to trial without first having conducted a competency hearing. See Initial Brief of Appellant.[7] Perry's convictions and sentences were affirmed by the Florida Fourth District Court of Appeal in a *per curiam* decision without written opinion, see Perry v. State, 983 So.2d 593 (Fla. 4 DCA 2008)(table), and the Florida Supreme Court on August 25, 2008, dismissed his petition for discretionary review for lack of jurisdiction. See Perry v. State, 991 So.2d 387 (Fla. 2008)(table).

Shortly after his direct appeal proceeding had concluded, on or about September 29, 2008, Perry filed in the trial court a pro se motion to correct illegal sentence pursuant to Fla.R.Crim.P. 3.800 and pro se motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850. See Case No. 08-21846-Civ-Cooke at DE# 52; Ex. 1. See also http://www.slcclerkofcourt.com.[8] By order entered on March 29, 2009, the trial court dismissed in part Perry's Rule 3.850, resulting in the filing of an Amended Rule 3.850 motion on or about April 20, 2009. See Case No. 08-21846-Civ-Cooke at DE# 52; Ex. 2, 3. On May 26, 2009, Perry requested an evidentiary hearing on his motion and on June 26, 2009, he filed a pleading in support of his amended Rule 3.850 motion. See

---

[6]Copies of the Verdict, Judgment and Sentence are included in the Respondent's Appendix as Exhibits Ex. 5, 6, 7 filed in Perry v. McNeil, 08-14043-Civ-Martinez at DE# 16.

[7]A copy of Perry's initial brief was Exhibit 8 to the respondent's Appendix filed in this Court in Perry v. McNeil, 08-14043-Civ-Martinez at DE# 16.

[8]The Court takes judicial notice of information viewed this date and available at the database maintained by the Clerk of Court, Nineteenth Judicial Circuit, St. Lucie County, Florida, http://www.slcclerkofcourt.com, State v. Perry, Case No. 06CF004408 (Fla. 19th Jud. Cir. Ct. 2002). See Fed.R.Evid. 201.

http://www.slcclerkofcourt.com. The trial court has not yet ruled on the motions. Id. In an attempt to obtain rulings in the postconviction proceedings, Perry filed in the Florida Supreme Court a pro se petition for writ of mandamus on May 21, 2009, and the petition was transferred on June 15, 2009, to the Florida Fourth District Court of Appeal. See Perry v. State, SC09-909 (Fla. June 15, 2009). The petition for writ of mandamus remains pending in the Florida Fourth District Court of Appeal as Case No. 4D09-2406.[9]

Meanwhile, before the conclusion of the direct appeal proceedings, Perry filed his second pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this Court on June 23, 2008, raising thirty-three grounds for relief, which included claims of trial court error and ineffective assistance of trial and appellate counsel. See Perry McNeil, 08-21846-Civ-Cooke. After the respondent had filed responses to the petition and Perry had filed numerous supplemental pleadings and replies, on June 8, 2009, the undersigned entered a Report, finding that Perry had failed to exhaust his available state court remedies and, therefore, recommended that the petition be dismissed without prejudice except as to any application of the federal statute of limitations or other federal procedural bar that may apply. See Report of Magistrate Judge entered on June 8, 2009, in Case No. 08-21846-Civ-Cooke at DE# 54. Perry has filed objections to the Report and the case remains pending with no disposition of the petition as of this date.

---

[9]The Court takes judicial notice of information viewed this date and available at the database maintained by the Clerk of Court, Florida Supreme Court, http://www.floridasupremecourt.org, in Perry v. State, Case No. SC09-909, and Clerk of Court, Florida Fourth District Court of Appeal in Perry v. State, 409-2406. See http://www.4dca.org.

Rather than wait for the Honorable Marcia G. Cooke, United States District Judge, to review his objections and enter ruling in his earlier case, Perry filed the instant petition, again challenging the subject convictions and sentences. From review of the computerized dockets maintained by the Clerks of the state trial and appellate courts, it is apparent that Perry has still not exhausted his state court remedies as to all challenges raised in the instant third petition. As stated in the earlier report, it appears that only Perry's challenges to the trial court's rulings regarding his mental competency have been exhausted before the state courts on direct appeal. Noted above, re-review this date of the docket of the Clerk, St. Lucie County Circuit Court and review of the docket of the Clerk, Florida Fourth District Court of Appeal indicates that Perry's postconviction motions remain pending and he is pursuing mandamus proceedings, requesting the Florida Fourth District Court of Appeal to require the trial court to rule on his postconviction motions. Moreover, review of the docket of the Fourth District Court of Appeal has revealed that, while Perry has instituted numerous appellate proceedings before the appellate court, he has never filed a petition for writ of habeas corpus, challenging the representation received by appellate counsel on direct appeal in the subject criminal proceeding. See http://www.4dca.org.[10]

Dismissal of this petition is, therefore, warranted in that this case is essentially duplicative of Case No. 08-21846-Civ-Cooke and/or Perry has failed to properly exhaust his state court

---

[10] As indicated, this Court takes judicial notice of the database maintained by the Clerk, Florida Fourth District Court of Appeal regarding Perry's many appellate proceedings. See http://www.4dca.org.

remedies. See 28 U.S.C. §2254(b) and (c).[11]  See also Jimenez v. Fla.Dep't Corr., 481 F.3d 1337, 1342 (11 Cir. 2007), citing, Rose v. Lundy, 455 U.S. 509, 522 (1982). Absent a showing that state remedies are inadequate, such showing not having been demonstrated by the petitioner, Perry cannot now proceed in this Court in habeas corpus. 28 U.S.C. §2254; Fuller v. Florida, 473 F.2d 1383 (5 Cir. 1973); Frazier v. Jones, 466 F.2d 505 (5 Cir. 1972). Only after state postconviction proceedings are concluded in the state courts may Perry challenge his confinement in this Court by way of a federal petition pursuant to 28 U.S.C. §2254.

As noted in the earlier Report, this Court is well-aware of Perry's abusive and litigious nature and acknowledges that Perry is also well-known in the state system. However, as earlier stated, there is no indication that the state courts will not review Perry's postconviction challenges to the instant convictions and sentences, and review of the state court dockets in fact reveal otherwise. Since this and his other pending habeas corpus proceedings have been timely filed and the petitioner has sufficient time to return to this Court within the limitations

---

[11]The terms of 28 U.S.C. §2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>     (A) the applicant has exhausted the remedies available in the courts of     the State; or
>     (B)(I) there is absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>             . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

period after his available state court remedies have been fully and properly exhausted on any and all claims he might want to raise challenging his convictions and sentences, dismissal remains the appropriate course of action in the earlier case and this subsequent habeas corpus proceeding.[12] Of course, as Perry had been advised, in order for any future federal petition not to be time-barred, Perry must comply with the one-year statute of limitation requirement. See 28 U.S.C. §2244(d)(1)-(2).

In sum, it is apparent from the foregoing that Perry is currently challenging in the state courts the lawfulness of the same convictions and sentences that he is attacking in this federal proceeding. Accordingly, dismissal at this time of any federal habeas corpus proceeding for lack of exhaustion is warranted so that Perry can fully exhaust his state court remedies on any and all federal constitutional claims he might want to raise challenging his convictions and/or sentences, and then return to

---

[12] Perry was advised in the undersigned's Report entered in the prior petition that issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted. See Anderson v. Harless, 459 U.S. 4 (1982). An applicant's federal writ of habeas corpus shall not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial; Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979), or in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion, and an appeal from its denial. See Caraballo v. State, 805 So.2d 882 (Fla. 2 DCA 2001)(affirming trial court's order summarily denying motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a)). Regarding claims of ineffective assistance of appellate counsel, in Florida such claims must be raised by petition for writ of habeas corpus in the appellate court that considered the direct appeal. State v. Dist. Ct. of Appeal, First Dist., 569 So. 2d. 439 (Fla. 1990); Smith v. State, 400 So.2d 956, 960 (Fla. 1981).

this Court after exhaustion has been accomplished.[13] In his petition, Perry implicitly challenges dismissal, apparently again asserting that he is unable to exhaust his claims in the state courts. For the reasons asserted by the undersigned in the Report entered in Case No. 08-21846-Civ-Cooke, and review this date of the state court dockets, Perry's assertion is unavailing. Thus, it does not appear from full and careful review of the record that exhaustion is impossible.

Based upon the foregoing, it plainly appears from the face of the petition for writ of habeas corpus that the instant habeas corpus proceeding is improperly duplicative of now-pending Case No. 08-21846-Cooke and/or petitioner Perry has not exhausted his state court remedies, and is thus not entitled to the relief sought in this federal habeas corpus proceeding. Under the circumstances, summary dismissal is appropriate pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and pursuant to 28 U.S.C. §2243.

It is therefore recommended that this petition for writ of habeas corpus be summarily dismissed without prejudice, except as

---

[13] It is noted that the claim challenging the delay by the postconviction court as presented does not state a claim cognizable in a federal habeas corpus proceeding. Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition. Williams v. State of Missouri, 640 F.2d 140, 143 (8 Cir.), cert. denied, 451 U.S. 990 (1981). See also Spradley v. Dugger, 825 F.2d 1566, 1568 (11 Cir. 1987)(holding that state court's failure to conduct hearing on inmate's motion for postconviction relief and failure to attach relevant portions of record did not undermine validity of inmate's conviction and, therefore, did not state basis for habeas corpus relief); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8 Cir.1990)(stating that "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding"), cert. denied, 495 U.S. 936 (1990). But see Dickerson v. Walsh, 750 F.2d 150, 152-53 (1 Cir. 1984). Because such a claim goes to issues unrelated to the cause of petitioner's detention, it does not state a basis for habeas relief.

to any application of the federal statute of limitations or other federal procedural bars that may apply.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 10th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Raymond Perry, Pro Se
    DC# 094013
    Union Correctional Institution
    7819 N.W. 228 Street
    Raiford, FL 32026